DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| UNITED STATES OF AMERICA | ) |
| :--- | :--- |
| | ) |
| v. | ) Criminal Action No. 2017-0008 |
| | ) |
| FADE NAYEF ASAD, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**Attorneys:**
**Alphonso G. Andrews, Esq.**
St. Croix, U.S.V.I
*For the United States*

**Martial A. Webster, Esq.**
St. Croix, U.S.V.I.
*For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant's "Motion to Clarify [] Credited Time-Served Date Nunc Pro Tunc," filed on May 8, 2018 (Dkt. No. 24) and "Letter Request for Status of Petitioner's Motion to Clarify," filed on June 26, 2018 (Dkt. No. 25). In his Motion, Defendant asks that the Court "clarif[y] the date as to when [his] credited time-served commenced." (Dkt. No. 24 at 1). For the reasons stated below, Defendant's Motion will be denied.

Defendant was arrested by law enforcement on April 7, 2016, and detained on local charges. *Id*. Then, on July 25, 2016, the Government filed a Complaint against Defendant in this Court, charging him with firearm and drug offenses. (Criminal Action No. 2016-0019, Dkt. No. 1). As a result, Defendant was arrested by federal authorities on July 28, 2016 and detained on federal charges by Order entered on July 29, 2016. (*Id*. at Dkt. Nos. 4 and 11). After pleading

guilty to the federal charges, the District Court sentenced Defendant to 27 months in prison on December 6, 2017. (Dkt. No. 21).

Defendant alleges that, during his sentencing hearing, the Court ordered that Defendant "be credited with the time he already served . . . but never clarified as to when [Defendant's] credited time-served commenced," thus resulting in the instant Motion. (Dkt. No. 24 at 1).[1] Defendant argues that, because his state sentence commenced on April 7, 2016 (the date he was arrested on local charges) and expired on July 28, 2016 (the date he was arrested by federal authorities), this Court should credit him "for all the time he served on his state sentence . . . since both cases [pertain to] the same conduct." *Id*. at 2. According to Defendant, if the Court finds that Defendant's time served dates back to April 7, 2016, then he has already served 24 months of his 27-month sentence. *Id*. Defendant further asserts that he is required to serve only 85% of his sentence, which equals approximately 23 months of his 27-month sentence. *Id.* Defendant thus argues that, when applying the latter computation—and depending on whether the Court determines his time served commenced on April 7, 2016 or July 28, 2016—Defendant has either already served the required incarceration period of 23 months or he has a release date of June 26, 2018. *Id*. at 2-3.

After a district court sentences a defendant, the Attorney General, through the Federal Bureau of Prisons ("BOP"), has the responsibility for administering the sentence. *Id*. at 335. Title 18 U.S.C. § 3585(b) applies to credit determinations made by the BOP. *United States v. Wilson*, 503 U.S. 329, 333 (1992).[2] Thus, if a prisoner seeks to challenge the computation of his sentence,

---

[1] In fact, the Court imposed Defendant's sentence "with credit for time served *as determined by the Federal Bureau of Prisons*." (emphasis added).

[2] 18 U.S.C. § 3585(b) reads in pertinent part:

2

including seeking a sentencing credit based on a period of prior custody and a calculation of his release date, he must first exhaust the BOP's administrative remedies prior to seeking judicial relief pursuant to a 28 U.S.C. § 2241 petition. *Wilson*, 503 U.S. at 335; *Mills v. Quintana*, 408 F. App'x 533, 535 (3d Cir. 2010); *Clark v. Spaulding*, 2016 WL 3753107, at *1 (M.D. Pa. July 14, 2016), *aff'd sub nom. Clark v. Allenwood*, 665 F. App'x 136 (3d Cir. 2016). *See also McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2nd Cir. 2001)); *Ores v. Warden, FCI Texarkana,* 50 F.3d 10, *1 (6th Cir. 1995); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986).[3]

Administrative exhaustion is generally required for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761–62 (3d Cir. 1996). "The requirement that administrative remedies be exhausted prior to filing suit mandates that those remedies must be exhausted properly and within the time frames required by the remedy process." *Bethea v. DeWalt*, 2010 WL 55924, at *2 (E.D. Ky. Jan. 4, 2010) (citing *Woodford v. Ngo,* 548 U.S. 81, 92–94 (2006)).

---

(b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
    (1)    as a result of the offense for which the sentence was imposed; or
    (2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

[3] 28 U.S.C. § 2241 confers habeas jurisdiction to hear the petition of a federal prisoner who challenges the execution rather than the validity of his sentence. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

In order for a prisoner to exhaust his administrative remedies with the BOP, he must comply with 28 C.F.R. § 542.10, *et seq*. The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her own confinement," and whereby inmates may progressively address their grievances at the institutional, regional, and national levels. *See generally* 28 C.F.R. § 542.10(a), *et seq.* The BOP's Administrative Remedy Program is available to all federal prisoners such as Defendant. 28 C.F.R. § 542.10(b).

Thus, this Court is not the appropriate body charged, in the first instance, with determining the sentencing and release date computations that Defendant seeks here. Moreover, in his Motion, Defendant has alleged no facts showing that he has commenced the required BOP Administrative Remedy Program—much less fully exhausted such proceedings—to address the computation of his sentence credits and the calculation of his release date.

In view of the foregoing, this Court will deny Defendant's "Motion to Clarify [] Credited Time-Served Date Nunc Pro Tunc" (Dkt. No. 24), for failure to exhaust administrative remedies. Moreover, in view of the Court's ruling on Defendant's Motion, his "Letter Request for Status of Petitioner's Motion to Clarify" (Dkt. No. 25), is rendered moot.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 27, 2018                                    _____/s/_____
                                                      WILMA A. LEWIS
                                                      Chief Judge